IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

TERRANCE J. DAVIS, :
:
    Plaintiff, :
:
:
    v. : Civ. No. 14-1339-LPS
:
FRANCINE LITTLE, et al., :
:
    Defendants. :
:

Terrance J. Davis, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 18, 2015
Wilmington, Delaware

**STARK, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Terrance J. Davis ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Plaintiff injured his right knee on April 11, 2013. He was sent to medical and received treatment, but did not see a physician. An x-ray was taken two weeks later and it revealed a bone fracture in the knee. On May 20, 2013, Plaintiff was taken to see Dr. DuShuttle who determined Plaintiff had a fractured patella. Dr. DuShuttle told Plaintiff to stay on crutches and the leg would heal on its own. On June 7, 2013, Plaintiff's crutches were taken from him "due to an extraction," and Plaintiff "was forced to hop around on one leg." Plaintiff was housed in the Security Housing Unit ("SHU") and, "due to prison policy [the] crutches were taken."

Plaintiff returned to see Dr. DuShuttle on June 30, 2013. Dr. DuShuttle determined that Plaintiff had ripped tendons in his knee that required surgery. Dr. DuShuttle scheduled Plaintiff's surgery and ordered him to remain on crutches. However, the crutches were again taken, and Plaintiff hopped on one leg from June 30, 2013 to December 23, 2013. Plaintiff submitted many sick call slips for crutches, but he was denied the crutches due to institutional policy.

Plaintiff underwent surgery on December 23, 2013, and he was given a brace. Dr. DuShuttle ordered medication, physical therapy, crutches, and a wheelchair, and for Plaintiff to be housed in

---

[1] Pursuant to 42 U.S.C. § 1983, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

the prison infirmary. Plaintiff was examined by the physical therapist on February 10, 2014. The physical therapist told Plaintiff that she could not assist Plaintiff due to the extensive delay in treatment and because his knee had "locked up." Plaintiff was discharged from the infirmary and housed in SHU. His wheelchair and crutches were taken from him and he "hopped around on one leg." Subsequently, Plaintiff was returned to the infirmary, and Dr. Derosiers gave him a walker. Plaintiff had pain and could not bend his right leg. The physical therapist examined Plaintiff on February 14, 2014, but she could not help Plaintiff as his knee "locked up." Again, Plaintiff was housed in SHU. The walker and wheelchair were taken from him, and he could not bend his right leg. Plaintiff alleges that he did not receive adequate medical care from February 14, 2014 until September 26, 2014.

Plaintiff was taken to see Dr. DuShuttle on September 26, 2014. Plaintiff alleges that Dr. Shuttle told him that the prison medical care was "deliberately indifferent," that his knee locked up because Dr. DuShuttle's plan was not followed, and that Plaintiff would have to undergo a second surgery to repair the damage caused by the inadequate treatment. Plaintiff awaits the second surgery. He seeks compensatory and punitive damages as well as injunctive relief.

### III.  LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most

2

favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do

3

more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570).

To determine whether a complaint meets the pleading standard as set forth in *Twombly* and *Iqbal*, the Court must: (1) outline the elements a plaintiff must plead to a state a claim for relief; (2) peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth; and (3) look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 679; *Argueta v. United States Immigration and Customs Enforcement*, 643 F.3d 60, 73 (3d Cir. 2011)). The last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

The complaint names Security Chief Major Brennen ("Brennen") and Connections Correct Care medical administrator Francine Little as defendants. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). However, there are no allegations in the complaint directed towards Brennen or Little. Therefore, they will be dismissed as defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted. However, since it appears plausible that Plaintiff may be able to

4

articulate a claim against the defendants (or name alternative defendants), he will be given an opportunity to amend his pleading. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. Dec. 6, 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

## V. **CONCLUSION**

For the above reasons, the court will dismiss the claims against Brennen and Little pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff will be allowed to proceed with his medical needs claims against Dr. Sylvia Derosiers. In addition, Plaintiff will be given leave to amend his complaint.

An appropriate order will be entered.